# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

KAREN BROWN, Administrator for
the Estate of John Brown                                         PLAINTIFF

v.                           No. 4:12-cv-140-DPM

CORRECTIONAL MEDICAL
SERVICES, INC. a/k/a Corizon;
ARKANSAS DEPARTMENT OF
CORRECTION; RAY HOBBS,
Director, Arkansas Department of
Correction; JOHN DOES 1-3;
DOUGLAS EDMOND DE SAINT FELIX, M.D.;
DARLENE ANTOSH, M.D.; and
JOHN R. ANDERSON, Doctor                                         DEFENDANTS

# ORDER

Defendants seek summary judgment, arguing that all claims arising from John Brown's death are now time-barred because Karen Brown—John's widow and the personal representative/special administratrix of his estate—filed this case *pro se*. The parties agree on the material facts. Whether the Brown Estate's claims fail is therefore a question of law. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 448 (8th Cir. 2001).

A timeline is helpful in understanding the legal issues.

| | |
|---|---|
| 16 March 2010 | John Brown died from heart-related medical problems in the custody of the Arkansas Department of Correction. |
| 18 July 2011 | Karen Brown appointed personal representative/special administratrix of John Brown's estate. |
| 5 March 2012 | Karen Brown filed this case *pro se*, moved for appointed counsel, and moved for *in forma pauperis* status. |
| 16 March 2012 | Arkansas's two-year statute of limitation for medical injury by a medical provider ran, if not tolled by the complaint. |
| 20 April 2012 | This Court denied the IFP motion, but ordered delayed payment of the filing fee. The Court also appointed counsel and ordered an amended complaint. |
| 14 August 2012 | This Court approved the second amended complaint with some changes and ordered service. |
| 21 August 2012 | Conforming third amended complaint filed and then served. |
| November 2012 | Defendants answered, № 15 & 17, and pleaded limitations. |

| | |
|---|---|
| 16 March 2013 | Arkansas's general three-year statute of limitation for surviving tort claims ran, if not tolled by the complaint or third amended complaint. |
| May 2013 | Defendants moved for summary judgment. *№ 21 & 24.* |

Karen Brown is not a lawyer. When she filed this case in early March 2012, she did so as "Karen Brown Administrator for the Estate of John Brown," *№ 2 at 1*, having been duly appointed by the Circuit Court of Saline County, probate division, some eight months earlier. *№ 28-1 at 7–8.* The Circuit Court's order further reveals that Brown was then represented by counsel, and that this lawyer was under contract to pursue a wrongful-death claim. *Ibid.* Brown's motion for appointed counsel in this Court said that this lawyer "had the case for months[;] told me she didn't have time." *№ 3.* Brown recognized at the threshold that she faced limitation issues. In a letter to this Court attached to her IFP motion, she worried how the lawsuit might affect her children, but filed nonetheless "since there is a statu[t]e of limitation[] I have no choice but to pursue this at this time." *№ 1-1.*

The limitation issues are a good place to begin. Read liberally, Brown pleaded § 1983 claims for wrongful death and personal injury to John based

-3-

on allegedly inadequate medical care while he was in ADC custody. № 2; *see generally Miller v. Centerpoint Energy Resource Corp.*, 98 Ark. App. 102, 106, 250 S.W.3d 574, 577 (2007)(describing and distinguishing between wrongful-death and survival claims in Arkansas); *compare Andrews v. Neer*, 253 F.3d 1052, 1056-58 (8th Cir. 2001)(the two claims are mutually exclusive under Missouri law). Appointed counsel rephrased the claims in constitutional terms — deliberate indifference, cruel and unusual punishment, and failure to train and supervise — in the third amended complaint. *№ 14 at 12-15.* However the claims are labeled, Arkansas law provides the limitation periods. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011).

While both wrongful-death and survival claims usually must be brought within three years after accrual, if the claim is one for medical injury against a medical care provider, the two-year limitation period in the Arkansas Medical Malpractice Act governs. *Pastchol v. St. Paul Fire & Marine Insurance Co.*, 326 Ark. 140, 143-44, 149, 929 S.W.2d 713, 714-15, 717 (1996); *see also*, ARK. CODE ANN. §§ 16-114-201(2)&(3), 16-114-202, and 16-114-203(a). The generally applicable limitation period for liabilities in tort, ARK. CODE ANN. §§ 16-56-105(1), applies to surviving claims for wrongs allegedly done

-4-

to a person before his death by anyone other than a medical provider. ARK. CODE ANN. §§ 16-62-101(a)(1); *see also Williams v. Bradshaw*, 459 F.3d 846, 847 (8th Cir. 2006)(Morris S. Arnold, J.).

Correctional Medical Services, and its employees (Drs. De Saint Felix and Anderson), are entitled to summary judgment. All Brown's claims against these medical-provider defendants are governed by the Medical Malpractice Act's two-year limitation period. *Williams* and *Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005), are directly in point. Brown, as personal representative of her husband's estate, simply could not practice law by filing the original complaint. Her doing so eleven days before the statute ran did not save the claims against the medical providers.

The amended complaint, even though it was filed at this Court's direction and overnight, didn't salvage these claims. The two-year statute had already run. *Williams* and *Jones* provide a clear answer to the relation-back question. "When, as here, a complaint amounts to a nullity, it cannot serve as the foundation for an amendment: Since the original complaint was without legal effect, there was nothing to amend." *Williams*, 459 F.3d at 849.

-5-

All claims against the medical providers lapsed before the Court appointed counsel and ordered the amended complaint; and this lapse could not be cured by counsel's diligence.

Because the ADC[1] and Director Hobbs are not medical care providers as defined by the Malpractice Act, ARK. CODE ANN. § 16-114-201(2), the analysis as to them is different. All claims against the ADC Defendants are governed by Arkansas's three-year limitation period. *Williams*, 459 F.3d at 847; ARK. CODE ANN. §§ 16-56-105(1) and 16-62-102(c)(1). That period ran in March 2013, three years after John Brown's death. The ADC and Hobbs stand on *Jones* and *Williams*, arguing that the third amended complaint failed as a matter of law because there was no complaint to amend. This is a powerful argument, but the Court is unpersuaded. The precedent is distinguishable in important ways.

First, there's a procedural difference. In *Jones* and *Williams*, the plaintiff sought permission for a belated amendment, which the district court denied. 401 F.3d at 952 and 459 F.3d at 849. Here, this Court appointed counsel,

---

[1] The Court construes Hobbs's motion for summary judgment as one on behalf of all ADC Defendants.

-6-

postponed service, and ordered an amended complaint for screening. № 4. A better course, perhaps, would have been to appoint counsel and dismiss without prejudice in light of *Jones* and *Williams*. But this was the Court's mistake, not Brown's or counsel's. And in the nature of an equitable tolling, the Estate should not bear responsibility for appointed counsel doing exactly what the Court ordered done. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)(*per curiam*).

Second, and more importantly, the third amended complaint was filed, served, and answered. It asserted the Estate's claims against the ADC Defendants well within the applicable three-year limitation period. The district court in *Williams* "consider[ed] the amended complaint on its own [to determine if] its claims were barred by the statute of limitation[]." 459 F.3d at 849. This Court should do likewise. The Court of Appeals reached this issue, and affirmed an independent consideration of the proposed pleading's timeliness. *Ibid.* Considered on its own, the Brown Estate's August 2012 pleading was timely against the ADC Defendants and contains no defect involving the unauthorized practice of law. № 14.

Unlike in *Jones* and *Williams*, no relation-back issue is presented — there is no reason to invoke or apply Rule 15 because the limitation period had not yet expired. Yes, the pleading was wrongly named as an amendment. This is more bad fruit of the Court's order to amend. Substance, though, is more important than form. And the pleading's substance, as against the ADC Defendants, is solid. Finally, only the third amended complaint was served, which started the case in earnest. Accepting the nullity analysis at full force, Brown's original complaint had no legal effect. That conclusion and the precedent, though, do not answer the question presented by this record: whether a later pleading filed by counsel, at the Court's direction, and within the relevant statute of limitation, had any legal effect. It did. The Estate's claims against the ADC Defendants are not time-barred. Nor are they otherwise compromised by Brown's ineffective original complaint.

\* \* \*

The CMS-related Defendants' motion for summary judgment, № 21, is granted. CMS, Dr. De Saint Felix, and Dr. Anderson are dismissed. The ADC Defendants' motion for summary judgment, № 24, is denied. The Court is not sure about Dr. Antosh, who is named as a defendant in the third amended

-8-

complaint, № 14 at 2, but not discussed in the summary-judgment briefing. The John Does will remain for now, but may be replaced only with ADC employees. An Amended Final Scheduling Order will issue. Joint report due from the remaining parties by 21 March 2014 on Dr. Antosh and whether more time for discovery is needed. The Court will set a new dispositive motion deadline in any event, because the ADC Defendants are entitled to raise other issues of law that may exist.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

12 March 2014