IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN BROWN, Administrator for
the Estate of John Brown                                          PLAINTIFF


v.                              No. 4:12-cv-140-DPM


ARKANSAS DEPARTMENT OF
CORRECTION; RAY HOBBS,
Director, Arkansas Department of
Correction; JOHN DOES 1–3; and
DARLENE ANTOSH, M.D.                                   DEFENDANTS


## ORDER

1. The Court appreciates the parties' joint report, № 32.

2. The time to serve both the Arkansas Department of Correction and
Dr. Darlene Antosh has expired.  No return is of record and neither has
answered.  Plaintiff reports that Dr. Antosh has died and counsel has been
unable to locate or identify an estate for her.  All claims against the ADC and
Dr. Antosh are therefore dismissed without prejudice.  FED. R. CIV. P. 4(m).

3.  Brown's official-capacity claims against the John Does 1-3 are
dismissed as moot.  Brown says that the John Does 1-3 are former ADC
Directors. № 14 at 2.  Given that these Defendants are no longer acting as the

ADC Director, they cannot be sued in their official capacities. FED. R. CIV. P. 25(d). Only the current director, Hobbs, may be sued. *Ibid.*

> **4.** Sovereign immunity bars Brown's official-capacity claims for damages against Hobbs. Damages may not be recovered against the State through its officers, absent waiver or abrogation of sovereign immunity; and none has occurred here. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 169 (1985); *Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147, 149-50 (1981)(*per curiam*). Plaintiff does not seek injunctive relief. Only Plaintiff's individual-capacity claims against Hobbs remain. Discovery will show whether Hobbs was, or was not, personally and deliberately indifferent to Brown's serious medical needs in one of the ways alleged—failure to train, failure to supervise, or failure to transport. Discovery should proceed on these issues. Motion practice will follow. The Court needs the facts, though, before it can apply the precedent. The Court will issue an Amended Final Scheduling Order soon.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_1 April 2014_