IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN BROWN, Administrator for the
Estate of John Brown                                                                    PLAINTIFF

v.                                      No. 4:12-cv-140-DPM

CORRECTIONAL MEDICAL SERVICES, INC.,
a.k.a. Corizon; DOUGLAS EDMOND
DE SAINT FELIX, M.D.; and
DR. JOHN R. ANDERSON                                                          DEFENDANTS

ORDER

Brown's motion to continue, № 61, is granted as modified. The Court is concerned that its error on limitations, which resulted in the healthcare defendants being out of the case for about eight months, impeded Brown's discovery on the causation issue. The parties also agreed to some kind of suspension of discovery, though the details are muddy. Expert testimony on the cause of Mr. Brown's death is essential. *Alberson v. Norris*, 458 F.3d 762, 765–66 (8th Cir. 2006). While Brown could have pursued an expert while his failure to supervise, train, and transport deliberate-indifference claims against Hobbs remained pending, Brown's not doing so is at least understandable.

There's overlap between all the claims, but it's not complete.

Discovery is reopened until 29 May 2015 with these limitations. No more discovery may be had on the failure-to-transport claim, which was clearly pending while the healthcare defendants were out of this case. № 34 at 2. That claim has been resolved as to Hobbs; and it will be resolved on the current record as to the healthcare defendants. Brown may depose Drs. De Saint Felix and Anderson if she chooses to do so. Brown may also seek expert testimony on whether the delayed replacement of the pacemaker battery and the treatment of diabetes caused her husband's death. Any expert and his or her opinions must be disclosed by 30 April 2015. The healthcare defendants may depose any expert for Brown in May. Brown must file any addenda to her papers responding to summary judgment by 5 June 2015. The healthcare defendants may file addenda in reply by 19 June 2015. Thereafter, the Court will rule on the dispositive motion.

The Court is mindful that Brown's counsel is appointed and experts are expensive. The Court therefore pre-authorizes counsel to spend up to $2,500.00 from the Court's Library Fund on a causation expert. LOCAL RULE 83.6.

The Second Amended Final Scheduling Order, № 51, is suspended and the 11 May 2015 trial is canceled. A Third Amended Final Scheduling Order setting trial for 17 August 2015, and setting pretrial deadlines, will issue.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 March 2015